## E. M. HOLTON v. CATHERINE HOLTON.

**Divorce—Pendente Lite Allowance for Maintenance.**

An order of Court for a payment of $300 to the wife for her mainte-
nance in an action for a divorce, a vinculo, held not to be excessive,
but necessary and proper by the action of the plaintiff in prosecuting
his suit.

**Costs—Divorce.**

Under Sec. 32, Chap. 25, Rev. Stat. requiring the husband to pay all
costs of a divorce suit, where the wife is not in fault, held, that though
the lower court granted the relief of the plaintiff, for which a reversal
could not be had costs were properly adjudged against him on the evi-
dence, the wife proving their separation to be only temporary.

**Covenant—Divorce.**

A contract of separation by husband and wife, with a provision which
obligated the wife not to impose on him any liability "nor in any man-
ner whatever, make him or his estate responsible for any money or
debts other than the note before mentioned," held not a guarantee
against an allowance, pendente lite, by the court of $300 for the main-
tenance of the wife.

APPEAL FROM GRANT CIRCUIT COURT.

December 12, 1868.

OPINION OF THE COURT BY JUDGE ROBERTSON:

After co-habiting for some years as husband and wife without
issue, Elijah M. Holton and his wife Kate Holton through a friend
as her agent and trustee, made a contract of separation whereby
he, by his note, agreed to pay to her trustee for use $1,642.76 as
the value of the property contributed by her to their joint stock,
and her trustee personally covenanted that she should neither
claim any more of his estate, nor, by any contract as his wife,
impose on him any liability, nor, "in any manner whatever, make
him nor his estate responsible for any money or debts other than
the note before mentioned."

On that basis the separation at once ensued. And, not long
afterwards, her husband brought this suit against her for a divorce
*a vinculo* on the sole charge that the genital organs had without

33

her fault so far lost their normal health and capacity as to prevent sexual intercourse.

Her answer denied that the separation was voluntary on her part, and, admitting as charged the cause of a temporary non-intercourse, averred that she had been, by medical treatment, relieved from her transient disability and restored to perfect health before the separation and she desires a restitution of conjugal rights.

After the separation had continued a year the appellant amended his petition by charging "abandonment" for more than one year and seemed to waive his first ground.

During the progress of the case the trustee was made a co-defendants and his answer, concurring substantially with that of Mr. Holton, he, by cross-petition claimed a judgment on the note which the appellant resisted without a credit for $300 which pendente lite the court had compelled him to contribute to his wife's maintainance.

The circuit court having adjudged the payment of the note with some interest and divorced the appellant from his wife without any further provision for her, he insists on a reversal of the judgment against him for causes. 1st, because the court adjudged the payment of interest. 2nd, because it did not allow him credit for the $300, and 3rd, because the costs were adjudged against him. Neither of these grounds is available.

1. The alleged tender when the note became due is denied, and this record contains no proof of it. And certainly therefore there can be no valid reason why interest should not have been exacted, to a greater extent than the judgment required.

2. The covenant of indemnity, according to our construction of it, did not guaranty against the court's incidental allowance for maintenance during the pendency of the suit for a divorce which does not appear to have either been proper or contemplated by Mr. Holton when she consented to the contract of separation, nor was such an allowance embraced by the letter or spirit of the covenant. Moreover it was not her voluntary act but the act of the court necessitated by the appellant's own conduct in prosecuting such a suit and thus making the allowance both proper and necessary.

3. While the statute forbids a reversal of any decree of divorcement we can, at least, say in this case that the 32nd Sec. chapter 25, requires the husband to pay the costs of a divorce when the

wife is not in fault as she seems not to have been in this case, and that there was no good cause for dissolving the marriage tie on the appellant's petition. And consequently, as he wrongfully produced all the costs he ought to have paid all, both ordinary and extraordinary.

The record exhibits no evidence. And we feel assured that our decision is as favorable to the appellant as the pleadings and exhibits will allow.

Wherefore the judgment is affirmed.

*Landram, for appellant.*